United States District Court
Middle District of Florida
Jacksonville Division

**CHRISTOPHER BEARD,**

    Plaintiff,

v.     No. 3:21-cv-901-MMH-LLL

**SUWANNEE VALLEY GRASSING, INC.,**

    Defendant.
_____

### Report and Recommendation

In this case under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, the parties move for approval of their settlement agreement and dismissal with prejudice, *see generally* doc. 22. The motion has been referred for the issuance of a report and recommendation as to whether the settlement is a "fair and reasonable res[o]lution of a bona fide dispute," as required by *Lynn's Food Stores, Inc v. U.S. ex. rel. Dep't of Lab.*, 679 F.2d 1350, 1355 (11th Cir. 1982).

### Background

In September 2021, plaintiff filed a complaint, doc. 1, against Suwannee Valley Grassing, Inc., for overtime wage violations (count 1); and unlawful retaliation under the FLSA and section 448.102(3), Florida Statutes (counts 2 and 3). Plaintiff was employed by defendant as a laborer from September 2019 to November 4, 2020. Doc. 1 at ¶ 16. Plaintiff claims he regularly worked at least 42 hours per week during his

employment and that he was not properly compensated for his overtime in violation of the FLSA *Id*. at ¶¶ 30, 31. Plaintiff asserts he was unlawfully terminated by defendant on November 4, 2020, because he voiced objections to observed safety violations and not being compensated for overtime. *Id*. at ¶¶ 36, 39, 41, 42.

In January 2022, the parties filed a joint notice of settlement, doc. 20, indicating they had reached a resolution. The parties then filed a Joint Motion for Approval and Dismissal requesting court approval of the settlement agreement, doc. 22.

## Authority

The FLSA reflects Congress' intent "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Unlike many legal claims, the parties may not bargain away the FLSA's protections. *See id*. at 708. If an employee proves a violation of the FLSA, the employer must pay him the unpaid wages, an equal amount of liquidated damages, and attorney's fees and costs. 29 U.S.C.§ 216(b). There are two ways to settle an employee FLSA claim: one is where an employee accepts payment issued directly under the supervision of the Secretary of Labor; the other is pursuant to a stipulated judgment entered by a court that has reviewed the proposed settlement. *Lynn's Food Stores,* 679 F.2d at 1353, 1355.

In acknowledgment of FLSA's public policy considerations, such as the unequal bargaining power between employees and their employer, the Eleventh Circuit has limited the ability of private parties to independently settle suits brought

under the act. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013). Thus, in an action brought under 29 U.S.C. § 216(b) for "back wage[s] or liquidated damage[s]," the Court must, after "scrutinizing the settlement for fairness," make a finding that the proposed compromise represents a "fair and reasonable" resolution "of a bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1353, 1355. If the settlement agreement reflects a reasonable compromise, the Court may "approve the settlement [ ] to promote the policy of encouraging settlement of litigation." *Id.* at 1354. However, where an employer offers a plaintiff full compensation on his FLSA claim, there is no compromise and judicial approval is not needed. *See Roman v. Lopez*, Case No.: 6:18-cv-621-Orl-41LRH, 2020 WL 1650596, at *2 (M.D. Fla. Mar. 31, 2020) (quotation omitted), *report and recommendation adopted*, 2020 WL 1669251 (M.D. Fla. Apr. 3, 2020).

A court should presume that a settlement is fair and reasonable. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). "In addition to examining the merits of the proposed settlement and ascertaining the views of counsel. . . practical considerations may be taken into account." *Id*. at 1330. Of note are the complexity of the cases, costs of litigation, the stage of the proceedings, and the range of possible recovery. *Leverso v. SouthTrust Bank of Ala., Nat'l. Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994).

The FLSA provides for reasonable attorney's fees. 29 U.S.C.§ 216(b). If the parties negotiated attorney's fees separately from the damages to be awarded to the plaintiff, which protects from "conflict . . . taint[ing] the settlement," then the court

need not undertake a lodestar review of the attorney's fees for reasonableness. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M. D. Fla. 2009).

## Analysis

In their motion, the parties represent that they "have negotiated a reasonable, fair, and complete compromise of [p]laintiff's claims" and have "determined that a resolution in this case at this juncture outweighs the risks and costs for both [p]arties . . . ." Doc. 22 at ¶ 4. In the proposed settlement, defendant will pay the following: $1,738.50 to plaintiff as taxable wages; $1,738.50 to plaintiff as liquidated damages; and $3500.00 in attorney's fees and costs. Doc. 22-1 at ¶ 3(a)-(c). The parties state the settlement was reached after "[they] investigated the matter, engaged in multiple discussions and reviewed relevant documentation relating to [p]laintiff's hours worked and pay." Doc. 22 at ¶ 5. The parties note that the settlement was "achieved in an adversarial context, experienced counsel represents both [p]arties, and the terms of the [p]arties' resolution reflects a fair and reasonable compromise over disputed issues." *Id*. ¶ 6. The parties also attest to the fairness of the settlement by highlighting the fact that the case involves disputed issues of liability and damages. *Id*. at ¶ 5.

In the interest of transparency, the parties also indicate that they executed a general release as part of another agreement pertaining to plaintiff's retaliation claims under the FLSA and Florida law, the terms of which were negotiated separately and without regard to the terms of the settlement of plaintiff's wage claims under the FLSA. *Id*. at 5. In an abundance of caution, the Court directed the parties to provide the document containing the release for review, *see* order, doc. 23. The parties then

4

filed their "Confidential Settlement Agreement and General Release," *see* docs. 24, 24-1, which purports to settle plaintiff's remaining retaliation claims.

**A.     Settlement of wage claim under the FLSA**

After review of the settlement agreement for plaintiff's wage claim under the FLSA, I note that plaintiff is receiving full compensation. *See* doc. 22 at 4; 22-1 at ¶ 3(a)-(b). In his answers to the Court's interrogatories, plaintiff claimed he was entitled to $1,738.50 in damages for the overtime wage violations, for a total of $3,477.00, including liquidated damages. Doc. 16 at 4, ¶ 6. This is the same amount plaintiff will receive in the proposed settlement, *see* doc. 22-1 at ¶ 3(a)-(b). Thus, I find plaintiff has not compromised his wage claim under the FLSA. *See Roman*, 2020 WL 1650596, at *2.

Although plaintiff has not compromised his wage claim, I also review the settlement for other non-cash concessions that may preclude a fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6-11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). In doing so, I note the settlement contains a release provision which states plaintiff releases defendant from "any and all wage claims [plaintiff] has or may have had under the FLSA," excluding his retaliation claim. Doc. 22-1 at 2-3. In considering the release, I recognize that "[c]ourts typically disfavor general release clauses in FLSA settlement agreements." *DeGraff v. SMA Behav. Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). Here, however, the

release is limited to wage claims under the FLSA and specifically excludes plaintiff's retaliation claim. Thus, I do not find that the release provision undermines the fairness or reasonableness of the settlement agreement.

Under the settlement, plaintiff's counsel will receive a total of $3,500.00 in attorney's fees and costs, doc. 22-1 at ¶ 3(c), which the parties represent were "were negotiated separately and without regard to" the wage amounts in the proposed settlement agreement. Doc. 22 at ¶ 6. Because plaintiff is receiving all the FLSA compensation he claims is due, the amount of attorney's fees and costs under the settlement of his wage claim cannot have tainted the amount he has agreed to settle his claim. Thus, the Court need not scrutinize the settlement further to consider whether the attorney's fees and costs to be paid are reasonable. *See Roman*, 2020 WL 1650596, at *2.

I do, however, note one provision in the proposed settlement that appears unenforceable, specifically the provision stating the agreement may not be modified except upon express written consent of all [p]arties . . ." Doc. 22-1 at ¶ 17. Because review of the settlement in its "final form" is necessary for a court to find it is "fair and reasonable," the parties should not be able to later amend the agreement. *Roman*, 2020 WL 1650596, at *2.  I also note the settlement contains a severability clause, stating that "[s]hould any of the provisions of this [a]greement . . . be determined to be invalid by a court of competent jurisdiction, the [p]arties agree that this shall not affect the enforceability of the other provisions of the [a]greement." *Id*. at ¶ 9. Thus, I

recommend that the Court strike the modification clause (found in the third sentence of paragraph 17) from the settlement of plaintiff's FLSA wage claim, doc. 22-1.

B.  **Settlement of retaliation claims by separate agreement**

Although plaintiff is receiving the full amount of his wage claim under the FLSA, I review the second settlement resolving his retaliation claims to ensure it does not contaminate the settlement of his wage claim. *See Philman v. Designers Choice Cabinetry, LLC*, Case No.: 6:20-cv-1307, 2021 WL 7709674-PGB-DCI, at *2 (M.D. Fla. Sept. 2, 2021) (noting *Lynn's Foods* does not apply to FLSA retaliation claims and that a settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of any FLSA back wage claim; collecting cases), *report and recommendation adopted*, 2021 WL 7630522 (M.D. Fla. Sept. 7, 2021). The parties indicate that the settlement of plaintiff's retaliation claims was "negotiated separate and apart from" the settlement of plaintiff's wage claim under the FLSA. Doc. 24-1 at 1. In the settlement for the retaliation claims, defendant will pay plaintiff a total of $1,523.00 and plaintiff's attorneys a total of $500.00 for fees and costs. *Id*. at 2. In exchange, plaintiff agrees to a general release and confidentiality clause. *See id*. at 3-6. In their motion for approval of the settlement of plaintiff's FLSA wage claim, the parties represent that the funds due to plaintiff in the second settlement "are not contingent upon the Court's approval of the FLSA settlement" and "are due irrespective of approval [of the wage claim settlement]." Doc. 22 at 5. After review, I find nothing to indicate that the second settlement contaminates the settlement of plaintiff's wage claim under the FLSA. In making that determination, I consider the

following: 1) plaintiff's retaliation claims were pled at the inception of the case, *see* doc. 1 at 11-14; 2) as noted above, plaintiff is receiving the full amount requested for settlement of his FLSA wage claim; 3) plaintiff is receiving separate consideration for the settlement of his retaliation claims, *see* doc. 24-1; and 4) the funds due in the settlement of plaintiff's retaliation claim are not contingent on the Court's approval of the wage claim settlement. *See Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (M. D. Fla. Mar. 26, 2012) (recommending approval of FLSA settlement, finding review of separate settlement of state law and FLSA retaliation claim unnecessary), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).

### Recommendation[1]

I respectfully **recommend**:

1. the modification clause in the proposed settlement (the third sentence in paragraph 17 of doc. 22-1) be **stricken**;

2. the Joint Motion for Approval and Dismissal, doc. 22, be **granted** to the extent that the Court enter an Order and Stipulated Final Judgment **approving** the parties' settlement agreement, as amended by the Court;[2]

3. this case be **dismissed with prejudice**; and

4. the Clerk be directed to **close** the file.

**Entered** in Jacksonville, Florida on June 15, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

[2] This recommendation is not intended to suggest that the Court enter judgment against defendant. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement.

c:
Honorable Marcia Morales Howard, United States District Judge
Lauren Tobin, Esquire
Noah E. Storch, Esquire
Alison A. Sausaman, Esquire